UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA RASNICK,
DEVONNA BARRY, and					Case No.: 2:20-cv-12069
AMADO MARTINEZ						Hon. Linda V. Parker

                Plaintiffs,

-vs-

WILLIAM MORRISON,
SAMUEL GALLOWAY,
SGT. MARCUS WAYS,
SGT. SAMUEL MACKEY,
SGT. DETRICK MOTT,
CITY OF DETROIT POLICE OFFICER JOHN DOE #1,
CITY OF DETROIT POLICE OFFICER JOHN DOE #2,
CITY OF DETROIT POLICE OFFICER JOHN DOE #3,
CITY OF DETROIT POLICE OFFICER JOHN DOE #4,
CITY OF DETROIT POLICE OFFICER JOHN DOE #5,
CITY OF DETROIT POLICE OFFICER JOHN DOE #6,
CITY OF DETROIT POLICE OFFICER JOHN DOE #7,
                Defendants.
_____/

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION**

Plaintiffs state the following for their Motion to Compel Production:

1. Plaintiffs Barry and Martinez have sued Defendants under 42 U.S.C. 1983 alleging, *inter alia,* Fourth Amendment violations arising from searches and seizures at their home by Detroit Police Department personnel on August 8, 2017.

2. Plaintiffs allege that Defendants seized, *inter alia,* the following items:

    a. A hard drive;

    b. $2,000 in cash

    c. A novelty badge;

    d. A handgun;

    e. Certain sex toys.

3. On April 28, 2021, Plaintiffs served their Second Set of Discovery, requesting, *inter alia,* production of said items and related documents. (Exhibit 1.).

4. Defendants have not produced the items or documents.

5. On or about October 19, 2021, there was a conference between attorneys for the parties on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought. L.R. 7.1(a)(2)(A).

6. Defendants' counsel promised that he is working on producing the items but Defendants have not produced the items. (Exhibit 2.)

7. The information requested is central to the claims. For example, on information and belief, the seized hard drive contains video that depicts the search and seizures challenged in this case.

8. The handgun was seized purportedly pursuant to a warrant for weapons that capable of firing .40 caliber ammunition. (First Amended Complaint, ECF. No. 12, PageID.124, ¶ 14.)

9. However, Plaintiffs allege that Defendants' seizure of Plaintiff Barry's licensed and registered handgun was unlawful because, *inter alia,* it was a .380 caliber handgun not capable of firing .40 caliber ammunition and therefore was outside the scope of the warrant. (*Id.*, ECF No. 12, PageID.132, ¶70.)

10. Plaintiffs allege that the Defendants seized Plaintiff Deanna Rasnick's novelty badge (not a department issued badge). (*Id.* at ECF No. 12, PageID.132, ¶ 69.) Defendants apparently claim that the seized badge was department issued and therefore contraband.

11. Plaintiffs allege that Defendants unlawfully seized Plaintiff Barry's sex toys. (*Id.* at ECF No. 12, PageID.132, ¶ 69.)

12. Fed. R. Civ. P. 26(b)(1) states:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

13. The requested items are important to resolving factual questions in this case.

14. Fed. R. Civ. P. 37(a)(1) permits a motion compelling discovery.

3

THEREFORE, Plaintiffs respectfully request that this Court enter an order compelling production of the requested items within 7 days of hearing on this Motion along with any other relief that the Court deems just and equitable.

Respectfully submitted,

OLSON PLLC

/s/ Christopher S. Olson_____
Christopher S. Olson (P58780)
32121 Woodward Avenue
Suite 300
Royal Oak, Michigan 48073
(248) 672-7368
colson@olsonpllc.mygbiz.com
*Attorneys for Plaintiffs*

November 3, 2021
Detroit, Michigan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA RASNICK,
DEVONNA BARRY, and            Case No.: 2:20-cv-12069
AMADO MARTINEZ                Hon. Linda V. Parker

    Plaintiffs,

-vs-

WILLIAM MORRISON,
SAMUEL GALLOWAY,
SGT. MARCUS WAYS,
SGT. SAMUEL MACKEY,
SGT. DETRICK MOTT,
CITY OF DETROIT POLICE OFFICER JOHN DOE #1,
CITY OF DETROIT POLICE OFFICER JOHN DOE #2,
CITY OF DETROIT POLICE OFFICER JOHN DOE #3,
CITY OF DETROIT POLICE OFFICER JOHN DOE #4,
CITY OF DETROIT POLICE OFFICER JOHN DOE #5,
CITY OF DETROIT POLICE OFFICER JOHN DOE #6,
CITY OF DETROIT POLICE OFFICER JOHN DOE #7,

    Defendants.

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO COMPEL PRODUCTION**

## ISSUES PRESENTED

Should the Court compel Defendants to produce certain items relevant to the search and seizures and seizures challenged in this 42 U.S.C. § 1983 case where such information is was requested, relevant and discoverable?

Plaintiffs say: "Yes"

Defendants apparently say: "No."

## CONTROLLING AUTHORITY

Fed. R. Civ. P. 26(b)(1)

Fed. R. Civ. P. 34

Fed. R. Civ. P. 37(a)(1)

## INTRODUCTION

Plaintiffs seek an order compelling production of certain relevant requested items within 7days of hearing on this Motion. Plaintiffs have sued Defendants under 42 U.S.C. 1983 asserting, *inter alia,* Fourth Amendment violations arising from searches and seizures at their homeby Detroit Police Department personnel on August 8, 2017. The Court should grant the Motion because the requested information is relevant, requested and discoverable.

## FACTS

Plaintiffs allege that Defendants seized the following items:

    a.    A hard drive;

    b.    $2,000 in cash

    c.    A novelty badge;

    d.    A handgun;

    e.    Certain sex toys.

On April 28, 2021, Plaintiffs served their Second Set of Discovery, requesting, *inter alia,* production of said items. (Exhibit 1.). Defendants have not produced the items.

On or about October 19, 2021, there was a conference between attorneys for the parties on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

L.R. 7.1(a)(2)(A). (Exhibit 2.). Defendants' counsel promised that he is working on producing the items but has not produced the items. (Exhibit 2.)

The information requested is central to the claims. For example, on information and belief, the hard drive contains video that depicts the search and seizures challenged in this case. The handgun was seized purportedly pursuant to a warrant for weapons that capable of firing .40 caliber ammunition. (First Amended Complaint, ECF. No. 12, PageID.124, ¶ 14.). Plaintiffs allege that Defendants seizure of Plaintiff Barry's licensed and registered handgun was unlawful because, *inter alia,* it was a .380 caliber handgun not capable of firing .40 caliber ammunition and therefore was outside the scope of the warrant. (*Id*., ECF No. 12, PageID.132, ¶70.) Plaintiffs allege that the Defendants seized Plaintiff Deanna Rasnick's novelty badge (not a department issued badge). (*Id*. at ECF No. 12, PageID.132, ¶ 69.) Plaintiffs allege that Defendants unlawfully seized Plaintiff Barry's sex toys. (*Id*. at ECF No. 12, PageID.132, ¶ 69.). Therefore the requested information is relevant and discoverable.

## ARGUMENT

Fed. R. Civ. P. 26(b)(1) states:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

As demonstrated above, the requested items are important to resolving factual

2

questions in this case. Fed. R. Civ. P. 37(a)(1) permits a motion compelling discovery.

THEREFORE, Plaintiffs respectfully request that this Court enter an order compelling production of the requested information within 7 days of hearing on this Motion and any other relief that this Court deems just and equitable.

Respectfully submitted,

OLSON PLLC

/s/ Christopher S. Olson
Christopher S. Olson (P58780)
32121 Woodward Avenue
Suite 300
Royal Oak, Michigan 48073
(248) 672-7368
colson@olsonpllc.mygbiz.com
*Attorneys for Plaintiffs*

November 3, 2021
Detroit, Michigan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA RASNICK,
DEVONNA BARRY, and                  Case No.: 2:20-cv-12069
AMADO MARTINEZ                       Hon. Linda V. Parker

      Plaintiffs,

-vs-

WILLIAM MORRISON, et al

      Defendants.
_____/

## CERTIFICATE OF SERVICE

I, Christopher S. Olson, hereby certify that on **November 3, 2021,** I served Plaintiffs' Motion to Compel, Brief in Support and Certificate of Service on the attorney(s) of record of all parties to the above cause via the court's CM/ECF Filing System.  The statement above is true to the best of my knowledge, information and belief.

      /s/ *Christopher S. Olson*
      Christopher S. Olson