UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA RASNICK, *et al.*,

        Plaintiffs,

v.

WILLIAM MORRISON, *et al.*,

        Defendants.

_____/

Case No. 2:20-cv-12069
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION (ECF No. 35)

Currently before the Court is Plaintiff's November 3, 2021 motion to compel production. (ECF No. 35.) Although Judge Parker referred the motion for a hearing and determination, I preliminarily noticed a video status conference for November 15, 2021, at which attorneys Christopher S. Olson appeared and Philip J. Hiltner appeared. Among other points of discussion, defense counsel confirmed that Defendants had yet to serve a written response to Plaintiffs' April 28, 2021 second request for documents (ECF No. 35-1), which was served nearly seven months ago. Thus, the Court finds that Defendants have waived any objections to these particular discovery requests. The status conference discussion addressed all issues presented by the motion; therefore, a formal hearing is unnecessary.

Upon consideration of the motion and defense counsel's statements at the video conference, Plaintiffs' motion (ECF No. 35) is **GRANTED**.  No later than Monday, **November 29, 2021**,[1] Defendants **SHALL** serve written responses, without objections, to each of the five production or inspection requests (ECF No. 35-1).  The written responses must be signed in accordance with Fed. R. Civ. P. 34(b)(2).  Additionally, Defendants will:

1.      Release the hard drive seized from Plaintiff Rasnick's home;

2.      Provide a response to Request No. 2 reflecting that Defendants do not have the $2000 in cash seized from Plaintiff Rasnick's home, although allegedly the prosecutor does (which must be expressly stated in the response, if true), and produce copies of any documents that relate in any way to such cash;

3.      Produce copies of all documents that Defendants provided to the Wayne County prosecutor's office that relate in any way to any Plaintiff, including all crime scene photos, to the extent such documents or copies thereof remain in any defendant's possession;

4.      Produce for inspection the handgun and badge that Defendants seized from Plaintiffs' home; and,

5.      Provide a response to Request No. 5 reflecting that either:  (a) no sex toys were seized from Plaintiffs' home; or, (b) such items were seized, in which case Defendants must produce them for inspection.

---

[1] The ten-day period mentioned at the November 15, 2021 status conference would have concluded on November 25, 2021, which is Thanksgiving Day.  This Court is closed on Thursday, November 25th and Friday, November 26th.

Plaintiffs are permitted to photograph whatever is inspected.  Finally, Plaintiffs

waived the payment of expenses as set forth in Fed. R. Civ. P. 37(a)(5)(A), but

only as to this motion.

      **IT IS SO ORDERED.**[2]


Dated: November 16, 2021               _____

                             Anthony P. Patti
                             UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).