UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

~~DEANNA RASNICK~~,
DEVONNA BARRY, and
AMADO MARTINEZ

Case No.: 2:20-cv-12069
Hon. Linda V. Parker

Plaintiffs,

-vs-

WILLIAM MORRISON,
SAMUEL GALLOWAY,
SGT. MARCUS WAYS,
SGT. SAMUEL MACKEY,
SGT. DETRICK MOTT,
CITY OF DETROIT POLICE OFFICER JOHN DOE #1,
CITY OF DETROIT POLICE OFFICER JOHN DOE #2,
CITY OF DETROIT POLICE OFFICER JOHN DOE #3,
CITY OF DETROIT POLICE OFFICER JOHN DOE #4,
CITY OF DETROIT POLICE OFFICER JOHN DOE #5,
CITY OF DETROIT POLICE OFFICER JOHN DOE #6,
CITY OF DETROIT POLICE OFFICER JOHN DOE #7,
Defendants.
_____/

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiffs state the following for their Motion to Enforce Settlement Agreement:

## ISSUES PRESENTED

Should the Court enforce the written settlement agreement?

Plaintiffs say: "Yes"

Defendants apparently say: "No."

# CONTROLLING AUTHORITY

**Cases**

*Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371(6th Cir. 1976).................................................. 6
*Bowater N. Am. Corp. v. Murray Mach.,* 773 F.2d 71, 77 (6th Cir. 1985).......................................... 6
*Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) ............................................................ 7
*In re Air Crash Disaster at John F. Kennedy Int'l Airport,* 687 F.2d 626, 629 (2d Cir. 1982);.......... 7
*Kukla v. National Distillers Prods. Co.,* 483 F.2d 619, 621 (6th Cir. 1973) ...................................... 6
*Ozyagcilar v. Davis,* 701 F.2d 306, 308 (4th Cir. 1983)...................................................................... 6

**Rules**

L.R. 7.1(a)(1). ..................................................................................................................................... 1

## INTRODUCTION

Plaintiffs seek an order enforcing the settlement agreement in this case, which has not been dismissed. In particular, Defendants admit that they have not submitted the settlement to City Council for approval for a period of 71 days since the January 25, 2022 settlement. Plaintiffs sought concurrence in the relief sought in this Motion and concurrence was not obtained. L.R. 7.1(a)(1).

## FACTS

*Background.* This § 1983 case arises from Defendants' illegal searches, seizures and excessive force during an August 8, 2017 search of Plaintiffs' homes. Defendants apparently obtained search warrants in connection with an investigation into the murder of Michael Mancini, who police believed was shot to death by someone using a .40 caliber weapon. Apparently based in part upon surveillance of jailhouse telephone calls, Defendant Detroit homicide detective Marcus Ways came to believe that the murder weapon might be found at Plaintiffs' homes on Clippert Street in Detroit. Based upon Defendant Ways' affidavits, police obtained search warrants for, *inter alia,* weapons capable of firing .40 caliber ammunition. Defendants found no such weapon at Plaintiffs' homes and instead, seized Plaintiffs' property including $2,000 in cash, destroyed Plaintiffs' property, killed Plaintiff Deanna Rasnick's dog[1] and exerted excessive force on Plaintiff Amado Martinez. Plaintiffs had no

---

[1] On October 8, 2021, Plaintiff Deanna Rasnick's claims were dismissed by stipulation. (ECF No. 33.)

involvement in the murder or the murder weapon.  (ECF No. 1, Complaint).  Plaintiffs' filed this case on July 31, 2020.  (*Id*.)  Plaintiffs' First Amended Complaint was filed on November 23, 2020.  (ECF No. 12.)

*Procedure.*  On February 1, 2021, the Court set a settlement conference for September 9, 2021 with Magistrate Judge Patti.  (ECF No. 19.)  On August 27, 2021, the Court adjourned the settlement conference to January 25, 2022.  (ECF No. 26).  On November 3, 2021, Plaintiffs filed a Motion To Compel discovery that was requested on April 28, 2021.  (ECF No. 35).  Defendants' counsel had promised Plaintiffs' counsel that "I'm working on it" (ECF No. 35-2) for months and refused to concur in a stipulated order compelling such production, which precipitated the Motion to Compel.  On November 16, 2021, the Court granted Plaintiffs' Motion To Compel (ECF No. 38.)  The Court in granting the Motion noted that Defendants waived all objections to the discovery due to Defendants' failure to file any response to the discovery requests.  (ECF No. 38; Page ID 275.)  The Court ordered production of the requested documents.  (ECF No. 38; Page ID 276.)  The Court noted that "Plaintiffs waived the payment of expenses as set forth in Fed. R. Civ. P. 37(a)(5)(A), but only as to this motion."  (ECF No. 38; Page ID 276.)

*Dispositive motion practice.*  On November 30, 2021, Defendants filed a Motion For Summary Judgment.  (ECF No. 39.)  On December 21, 2021, Plaintiffs' filed their Brief In Opposition To Motion For Summary Judgment.  (ECF No. 41.)

*The settlement.*  While the dispositive motion was pending, on January 25, 2022,

2

the parties reached a settlement in advance of the settlement conference scheduled that day at 1:30 p.m. in Magistrate Patti's chambers. (ECF No. 27.) The parties advised the Court that the parties had reached a settlement. On January 25, 2022, Defendant's counsel wrote to Magistrate Patti's Case Manager, Michael Williams:

> Mr. Williams,
>
> This email is following up on our phone call from a few minutes ago. Plaintiff's counsel, who is cc'd on this email, and I have reached a settlement subject to approval by the Detroit City Counsel [sic].
>
> It will be a few months before we can have an order entered in this case, as it will take some time for City Council to approve of the settlement and then for the City to issue a check, but we will do everything we can to move the process along.

Mr. Williams replied:

> Thank you for the email and we will cancel the settlement conference accordingly. Judge Patti wanted me to extend the offer to parties to place any terms on the record in front of him on the record today if necessary. Otherwise, we will just place a note on the docket that the case is settled. We understand it will take some time to get approval from City Counsel, but can we get a general Month/Date on when the court can expect settlement papers? It can be extended if parties need more time.

Plaintiffs' counsel replied:

> Phil:
>
> ***Please confirm that the settlement of the above-captioned matter includes the following terms, subject to City Council approval and a release of all claims that were or could have been brought in this case:***
>
> ***Defendants shall pay a total of $25,000 Plaintiffs Devonna Barry ("Barry") and Amado Martinez ("Martinez"); and***

3

> *The check shall be jointly payable to Olson PLLC and Barry and Martinez.*

Defendants' counsel replied:

> *The terms in your below email are confirmed.*
> *It will likely take 3-4 weeks before we can get City Council approval. Then it's on Plaintiffs to return a signed release. Once I get the release, it takes maybe 6 weeks to get a check. So all told, it will be maybe end of March or early April before this case can be dismissed.*

(Exhibit 1.)

*The shifting excuses.* On March 7, 2022, Plaintiffs' counsel wrote to Defendants' counsel:

> On January 25, 2022, the parties reached a settlement in the above captioned matter.
>
> It is now March and it is my understanding that the settlement in the above-captioned matter has not even been submitted to City Council for approval.
>
> We have been patient but this is ridiculous.
>
> Please consider this a request for concurrence in a motion to enforce the settlement. L.R. 7.1(a)(1).

On March 8, 2022, Defendants' counsel replied:

> I would like to get this case resolved as soon as possible. I am sorry it has been slow, but I have been doing everything I can to move things along as quickly as possible. I will let you know as soon as City Council votes on the matter. As I said last week, if you're willing to dismiss all of the Defendant's except Detective Mott, that should help expedite matters.

On March 8, 2022, Plaintiffs' counsel replied:

> We cannot dismiss any defendants because there is a possibility,

4

> however remote, that the City would not approve the settlement, which would leave our clients holding an empty bag. We will be proceeding with our motion shortly. I hope that it proves unnecessary and that it motivates whoever needs motivation to get done whatever needs doing.

On March 10, 2022, Aaron Flanigan Case Manager to the Honorable Linda V. Parker wrote to the parties' counsel:

> Please advise the Court on the status of the dismissal in this case.

On March 10, 2022, Plaintiffs' counsel replied:

> As you know, on January 25, 2022, the parties reached a settlement in the above captioned matter.
>
> It is my understanding that the settlement has not been submitted to City Council for approval.
>
> On March 7, 2022, we sought concurrence a motion to enforce the settlement, which was not granted.
>
> I had hoped to not involve the Court in this but I am running out of options.
>
> I welcome any guidance from the Court.

On March 10, 2022, Mr. Flanigan replied:

> Mr. Hiltner – please provide defendant's position.

On March 10, Defendants' counsel replied:

> Getting City Council's approval is taking longer than usual, but I am (and have been) doing all I can to move things along.

On March 10, 2022, Plaintiff's counsel replied:

> It is my understanding that the settlement has not been submitted to City Council. That impression comes from Mr. Hiltner.

5

On March 10, 2022, Plaintiffs' counsel added:

> I would suggest that if Mr. Hiltner is having difficulty with his clients, then he should agree to a stipulated order compelling that the defendants on or before March 17, 2021, take all actions necessary to submit the settlement to City Council.

On March 10, 2022, Mr. Flanigan replied:

> The Court asks that you both take the next two weeks to try and resolve this issue yourselves. Mr. Hiltner, if you haven't already done so, please explain to Mr. Olson the process of getting this matter on the City Council agenda. If we're still in the same place in two weeks, let me know and I will schedule a status conference with Judge Parker.

On March 31, 2022, Plaintiffs' counsel emailed Mr. Flanigan:

> We have heard nothing from Defendants on this settlement.

On March 31, 2022, Mr. Flanigan replied:

> Do you have any information to provide on the status of the dismissal?

On April 4, 2022, Defendants' counsel replied:

> ***I do not have any update at this time. I'm still awaiting approval of representation of the officers before I can submit the proposed settlement***.

(Exhibit 3.).

## ARGUMENT

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371(6th Cir. 1976) (citations omitted), *cert. denied,* 429 U.S.

6

862 (1976). *See also Kukla v. National Distillers Prods. Co.,* 483 F.2d 619, 621 (6th Cir. 1973). A federal court possesses this power "even if that agreement has not been reduced to writing." *Bowater N. Am. Corp. v. Murray Mach.,* 773 F.2d 71, 77 (6th Cir. 1985) (citing *Odomes v. Nucare, Inc.,* 653 F.2d 246, 252 (6th Cir. 1981)). Before enforcing settlement, the district court must conclude that agreement has been reached on all material terms. *Ozyagcilar v. Davis,* 701 F.2d 306, 308 (4th Cir. 1983). The court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement. *In re Air Crash Disaster at John F. Kennedy Int'l Airport,* 687 F.2d 626, 629 (2d Cir. 1982); *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).

**I.  DEFENDANTS HAVE NOT SUBMITTED THE SETTLEMENT TO CITY COUNCIL FOR A PERIOD OF SEVENTY-ONE DAYS SINCE THE SETTLEMENT, WHICH IS A MATERIAL BREACH**

Here, we have a written settlement agreement on all material terms disclosed to an agent of the Court in the context of a settlement conference. (Exhibit 1.). Defendants do not and cannot deny that they have agreed to settle the case on the terms provided. Defendants' counsel stated to the Court that it would "likely take 3-4 weeks before we can get City Council's approval." (Exhibit 1.) Under that timeline, City Council's approval would have occurred on February 22, 2022.

In any event, seventy-one (71) days after the January 25, 2022 settlement agreement, Defendants now admit that they still have not submitted the settlement to City Council for approval. Defendants' counsel said as much to Plaintiffs' counsel

7

and it was reflected in and not denied in emails exchanged in Exhibit 3. Indeed, on April 4, 2022, Defendants' counsel admitted that Defendants have not submitted the settlement to the City Council for approval, to which the settlement is subject. (Exhibit 3.) According to the timeline that Defendants' counsel provided, if City Council approved the settlement by April 20, 2022, a settlement check would issue six weeks after that or about June 1, 2022, which is nearly six months after the January 25, 2022 settlement agreement.

THEREFORE, in order to enforce the settlement agreement, Plaintiffs respectfully request that this Court enter an order that Defendants take all actions necessary to submit the settlement to City Council for approval on or before April 20, 2022, together with any other relief that the Court deems just and equitable.

Respectfully submitted,

OLSON PLLC

/s/ Christopher S. Olson
Christopher S. Olson (P58780)
32121 Woodward Avenue
Suite 300
Royal Oak, Michigan 48073
(248) 672-7368
colson@olsonpllc.mygbiz.com
*Attorneys for Plaintiffs*

April 6, 2022
Detroit, Michigan

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA RASNICK,
DEVONNA BARRY, and
AMADO MARTINEZ

Case No.: 2:20-cv-12069
Hon. Linda V. Parker

Plaintiffs,

-vs-

WILLIAM MORRISON, et al

Defendants.
_____/

## CERTIFICATE OF SERVICE

I, Christopher S. Olson, hereby certify that on **April 6, 2022,** I served Plaintiffs' Motion to Compel, Brief in Support and Certificate of Service on the attorney(s) of record of all parties to the above cause via the court's CM/ECF Filing System. The statement above is true to the best of my knowledge, information and belief.

/s/ *Christopher S. Olson*
Christopher S. Olson