UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

~~DEANNA RASNICK~~,
DEVONNA BARRY, and
AMADO MARTINEZ

Case No.: 2:20-cv-12069
Hon. Linda V. Parker

              Plaintiffs,

-vs-

WILLIAM MORRISON,
SAMUEL GALLOWAY,
SGT. MARCUS WAYS,
SGT. SAMUEL MACKEY,
SGT. DETRICK MOTT,
CITY OF DETROIT POLICE OFFICER JOHN DOE #1,
CITY OF DETROIT POLICE OFFICER JOHN DOE #2,
CITY OF DETROIT POLICE OFFICER JOHN DOE #3,
CITY OF DETROIT POLICE OFFICER JOHN DOE #4,
CITY OF DETROIT POLICE OFFICER JOHN DOE #5,
CITY OF DETROIT POLICE OFFICER JOHN DOE #6,
CITY OF DETROIT POLICE OFFICER JOHN DOE #7,
              Defendants.
_____/

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendants and the Law Department argue that there is no settlement for this Court to enforce because "unless and until City Council approves of the representation and indemnification of the Defendants and the proposed settlement, there is no agreement between parties competent to 'contract.'" ECF No. 47, PageID.858. Plaintiffs concede that the settlement was subject to City Council approval. ECF No. 44, PageID.827. However, the Law Department admits that after January 25, 2022,

the date of the settlement conference and Settlement:

> Defense Counsel . . . did not know at the time that the representation and indemnification had not yet been voted on by City Council. . . . Counsel for Defendant could not submit the proposed settlement until this was done, because the decision on indemnification of Defendants was pending.

ECF No. 47, PageID.856.

## ARGUMENT

Defendants and the Law Department cited in the Response Brief, ECF No. 47, PageID.852, the Detroit City Code § 35-2-104, which provides:

> **Sec. 35-2-104. Report to Council by Corporation Counsel.**
>
> Whenever the Corporation Counsel receives from any City officer or employee, any claim, demand, notice, summons or complaint with such officer or employee's request for representation by the Corporation Counsel with the recommendation of the department director as provided in Section 35-2-103(2) of this Code, ***the Corporation Counsel shall promptly*** transmit to the City Council a report on the matter, together with the Corporation Counsel's recommendation as to whether or not the Law Department should represent the officer or employee as requested, and whether or not the City Council should find and determine that the claim, demand or suit against the officer or employee arises out of or involves the performance in good faith of the official duties of such officer or employee.

(Code 1964, § 16-13-4; Code 1984, § 13-11-4). [Emphasis added.]

I. **LEGAL REPRESENTATION AND INDEMNIFICATION WAS NOT DISCUSSED OR AGREED UPON AS A PRECONDITION TO THE SETTLEMENT**

Defendants' legal representation and indemnification was never discussed or memorialized in the Parties' writings to the Court. ECF No. 44, PageID.827-830.

2

Therefore, that precondition was never agreed to by Plaintiffs. As further proof that representation and indemnification as a precondition to the settlement were not part of this Settlement, Defendants and the Law Department admitted that "***Defense Counsel . . . did not know at the time that the representation and indemnification had not yet been voted on by City Council***." ECF No. 47, Page ID.856. Thus, Defendants and the Law Department present zero factual evidence to the Court that representation and indemnification approval was agreed upon as a precondition to this settlement. Therefore, the Court should not impose the representation precondition on Plaintiffs, who never discussed it or agreed to it.

> **A.  The Law Department Apparently Violated Detroit City Code § 35-2-104 When It Failed To Promptly Transmit To The City Council Its Recommendation On Representation Of Defendants**

Defendants and the Law Department assert that, "A recommendation to approve or disapprove is then forwarded back to the Law Department which, in turn, makes a recommendation to the Detroit City Council to approve or disapprove the request for legal representation," citing Detroit City Code § 35-2-104. ECF No. 47, Page ID.852.

However, that is not what § 35-2-104 says. Instead, § 35-2-104 mandates that "Whenever Corporation Counsel receives any . . . complaint . . . the Corporation Counsel **shall promptly transmit to the City Council a report** on the matter . . ." Notably, that section of the City Code binds Corporation Counsel and not Plaintiffs.

Defendants and the Law Department presented zero evidence that (i) Corporation Counsel ever transmitted to City Council its report on representation of

3

the Defendants and (ii) its report was submitted "promptly" after receiving the Complaint.  Defendants and the Law Department admit (i) receiving service of the Complaint in August and October 2020 and (ii) that each Defendant shortly after being served with the Complaint requested legal representation.  ECF No. 47, PageID.855.

Thus, Corporation Counsel was required to have submitted its representation report to City Council "promptly" after October 2020 at the latest.  Defendants and the Law Department submitted no evidence that that was done.  Instead, Defendants and City Council would have this Court believe that City Council has been sitting on the representation report since it was promptly submitted as required under Detroit City Code § 35-2-104.

The representation reports in this case, in order to have been "promptly" transmitted to City Council, must have been done in 2020 because the plain meaning of "promptly" means "immediately" or "without delay." *Roberts v. Mecosta Co. Gen Hosp*, 466 Mich. 57, 63; 642 N.W.2d 663 (2002) ("If a statute's language is clear and unambiguous, this Court assumes that the Legislature intended its plain meaning and the statute is enforced as written.  It does not appear that the City Code defined the term "promptly."  Therefore, under Michigan law, the Court may use dictionary terms to construe the plain meaning. *Koontz v. Ameritech Services, Inc.*, 466 Mich. 304, 312; 645 N.W.2d 34 (2002) ("We give undefined statutory terms their plain and ordinary meanings and may consult dictionary definitions. The Merriam-Webster Dictionary defines "promptly" as: 1 : ***in a prompt manner : without delay : very quickly or***

4

*immediately.* Thus, the representation report should have transmitted to City Council for its approval immediately after October 2020 at the latest. As noted above, there is no evidence that was done.

Defendants and the Law Department's argument that the newly elected City Council has caused delays in the settlement approval process, ECF No. 856, PageID. 856-57, is a red herring because that the representation report should have been submitted "promptly" to City Council for approval in 2020, well before the newly elected City Council referenced in the Response Brief was elected.

Defendants' and the Law Department could have but did not present any evidence to this Court about whether or when the representation report was submitted to City Council for approval. The Court should hold that glaring hole dispositive and that Defendants and the Law Department did not promptly transmit the representation report to City Council, and then entered into the Settlement without the alleged precondition to seeking City Council approval. Plaintiffs did not agree to or discuss the purported representation precondition and did not cause it to not occur.

## II. DEFENDANTS AND THE LAW DEPARTMENT MISCHARACTERIZE THE RELIEF REQUESTED

The argument against the Motion is that there is no approval of the Settlement from City Council, so there is no agreement. ECF No. 47, PageID.858. However, Plaintiffs asked the Court to "enter an order that Defendants take all actions necessary to submit the settlement to City Council for approval on or before April 20, 2022,

5

together with any other relief that the Court deems just and equitable." ECF No. 44, PageID 832. Defendants and the Law Department apparently have not submitted the Settlement to City Council for approval for a period of 92 days and counting [January 25, 2022 to April 27, 2022 = 92 days].

Settling this case, subject to City Council approval, without submitting it to City Council for more than three months is unacceptable and prejudices Defendants, who entered into the Settlement with the express understanding from Defense Counsel that, ***"It will likely take 3-4 weeks before we can get City Council approval."*** ECF No. 44-1, Page ID.834.

In any event, Plaintiffs are prejudiced and have had to wait much longer than expected to even begin the approval process. Plaintiffs' counsel has also had to spend significant time and effort trying to resolve a case that settled subject to City Council approval but that settlement still has not even been submitted to City Council.

The Court may also consider granting other additional relief to Plaintiffs, including an:

    A.    Order granting leave to amend the First Amended Complaint to add the City of Detroit as a party Defendant, which Defense Counsel intimated would facilitate settlement of this case[1];

    B.    Order compelling Defendants and the Law Department to disclose

---

[1] Defendants could also consent to such an amendment.

documents sufficient to reflect the date on which the representation report for each Defendant was transmitted to City Council to determine if the report was "promptly transmitted" as required by Detroit City Code § 35-2-104; and

C. Order authorizing Plaintiffs to petition the Court for other relief, including that authorized under 28 U.S.C. § 1927, see, *King v. Whitmer,* 20-cv-13134 (E.D. Mich. Aug. 25, 2021).

Respectfully submitted,

OLSON PLLC

/s/ Christopher S. Olson
Christopher S. Olson (P58780)
32121 Woodward Avenue
Suite 300
Royal Oak, Michigan 48073
(248) 672-7368
colson@olsonpllc.mygbiz.com
*Attorneys for Plaintiffs*

April 27, 2022
Detroit, Michigan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA RASNICK,
DEVONNA BARRY, and
AMADO MARTINEZ

Case No.: 2:20-cv-12069
Hon. Linda V. Parker

Plaintiffs,

-vs-

WILLIAM MORRISON, et al

Defendants.
_____/

## CERTIFICATE OF SERVICE

I, Christopher S. Olson, hereby certify that on **April 27, 2022,** I served Plaintiffs' Motion to Compel, Brief in Support and Certificate of Service on the attorney(s) of record of all parties to the above cause via the court's CM/ECF Filing System. The statement above is true to the best of my knowledge, information and belief.

/s/ *Christopher S. Olson*
Christopher S. Olson